UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYLE PAUL JIM,<br><br>            Plaintiff,<br><br>      vs.<br><br>KIM HOLLAND, et al.,<br><br>            Defendants. | 1:13-cv-00835-AWI-GSA-PC<br><br>ORDER CLOSING IN LIGHT OF VOLUNTARY DISMISSAL<br><br>(Doc. 5.) |

   Lyle Paul Jim ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on June 3, 2013.  (Doc. 1.)

   On August 5, 2013, Plaintiff filed a motion to dismiss this action without prejudice and without obligation to pay the filing fees.  (Doc. 5.)

   The court construes Plaintiff's motion as a motion to dismiss under Rule 41(a)(1).  In Wilson v. City of San Jose, the Ninth Circuit explained:

>    Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.  Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing Hamilton v. Shearson-Lehman American Express, 813 F.2d 1532, 1534 (9th Cir. 1987)).  A plaintiff may dismiss his action so long as the plaintiff files

1

a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. Id. The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. Id.; Pedrina v. Chun, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. Concha, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. Id. (citing McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. Id.

Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997). No defendant has filed an answer or motion for summary judgment in this action. Therefore, this case has terminated.

With respect to Plaintiff's request that he not be obligated to pay a filing fee, Plaintiff was ordered in June 2013 to either pay the filing fee or file an application for in forma pauperis status. See Doc. No. 3. Plaintiff did not follow that order, but instead filed this dismissal, which terminated the case. In forma pauperis status has not been granted, and no attempts to collect the fee have been made. Therefore, it is unnecessary for Plaintiff to request that he not pay filing fees.

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to voluntarily dismiss the complaint without obligation to pay the filing fee is GRANTED;
2. This action is DISMISSED in its entirety without prejudice; and
3. The Clerk of the Court is DIRECTED to close the file in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a).

IT IS SO ORDERED.

Dated:   August 9, 2013                    _____
                                            SENIOR  DISTRICT  JUDGE